UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUAN MANUAL HOWARD,

       Petitioner,

                                                      CASE NO. 2:07-CV-13911
v.                                               HONORABLE GEORGE CARAM STEEH

CARMEN PALMER,

       Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS,
AND DENYING A CERTIFICATE OF APPEALABILITY
AND LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS**

I.      Introduction

      This is a habeas case under 28 U.S.C. § 2254. Juan Manual Howard ("Petitioner"), a Michigan prisoner, was convicted of first-degree home invasion and possession of less than 25 grams of cocaine following a bench trial in the Wayne County Circuit Court in 2005 and was sentenced to 7 to 20 years imprisonment on the home invasion conviction and a concurrent term of 6 months to 4 years imprisonment on the drug conviction. In his *pro se* petition for writ of habeas corpus, Petitioner challenges the sufficiency of the evidence and the validity of his sentence. Respondent has filed an answer to the petition contending that it should be denied. For the reasons set forth, the Court denies the petition. The Court also denies a certificate of appealability and leave to proceed on appeal *in forma pauperis*.

II.     Facts and Procedural History

Petitioner's convictions arise from a break-in at the home of Teresa and Larry Roy in Taylor, Michigan on October 1, 2004.  At trial, Teresa Roy testified that she and her husband had gone to bed that evening when she was awakened by a noise.  She went to the front of the house and saw Petitioner standing outside a window, pounding on the glass with both hands.  She yelled at him to leave, but he kept hitting the window until the glass broke.  He then climbed into the house through the broken window and came toward her in a menacing fashion.  She screamed until her husband, Larry Roy, and their two dogs approached them.  Teresa Roy said that she was terrified as her husband struggled with Petitioner, pushed him into the computer room, and detained him while she called the police.  She did not hear Petitioner ask for help before or after he broke into the home.  Teresa Roy also testified that one of her dogs bit her arm as the dog went after Petitioner.  She received medical treatment at the hospital following the incident.  Larry Roy's testimony essentially corroborated his wife's testimony.

Several police officers also testified at trial regarding their investigation of the incident and Petitioner's arrest.  They found Petitioner barricaded in the Roys' computer room and arrested him.  They observed broken glass and blood in the vicinity of the broken window and Petitioner's hands required medical treatment.  The police recovered a bag containing cocaine from the scene.

Petitioner testified in his own defense at trial.  He claimed that he only broke into the Roys' home because he was being chased by two other men whom he thought were going to kill him.  Petitioner testified that he beat on the doors of the home first, but received no response, and began beating on the window and yelling for help.  He ran into the computer room after

2

entering the home and barricaded himself inside the room by pushing a bookshelf in front of the door. Petitioner testified that he asked the Roys to call the police.

At the close of trial, the trial court found Petitioner guilty of first-degree home invasion based upon an intent to commit larceny and/or an assault and found him guilty of possession of less than 25 grams of cocaine. The trial court subsequently sentenced him to concurrent terms of 7 to 20 years imprisonment and 6 months to 4 years imprisonment on those convictions.

Following sentencing, Petitioner filed an appeal as of right with the Michigan Court of Appeals raising claims concerning the sufficiency of the evidence and the scoring of the sentencing guidelines. The court affirmed his convictions and sentences. *People v. Howard*, No. 263563, 2006 WL 3423180 (Mich. Ct. App. Nov. 28, 2006) (unpublished). The Michigan Supreme Court denied leave to appeal. *People v. Howard*, 477 Mich. 1058, 728 N.W.2d 447 (2007).

In his federal petition for writ of habeas corpus, Petitioner raises the following claims:

I. The trial court's verdict and conclusions of law were contrary to the evidence presented; the prosecution did not overcome the defendant's duress defense and the trial court erred in finding an intent to commit larceny.

II. The trial court erred in scoring OV-3 against defendant, defendant must be resentenced.

Respondent has filed an answer to the petition contending that it should be denied. Petitioner has filed a reply to that answer.

III.   Analysis

   A.   Standard of Review

Federal law imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1).

   B.   Insufficient Evidence Claim

Petitioner first asserts that he is entitled to habeas relief because the prosecution presented insufficient evidence to support his first-degree home invasion conviction. Specifically, Petitioner claims that the prosecution failed to overcome his duress defense and failed to demonstrate his intent to commit larceny. Respondent contends that this claim lacks merit.

In *Jackson v. Virginia*, 443 U.S. 307 (1979), the United States Supreme Court established that a federal court's review of a sufficiency of the evidence claim must focus on whether "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319; *see also Warren*, 161 F.3d at 360. The Court must view this standard through the framework of 28

U.S.C. § 2254(d). *See Martin v. Mitchell*, 280 F.3d 594, 617 (6th Cir. 2002). Further, the *Jackson* standard must be applied "with explicit reference to the substantive elements of the criminal offense as defined by state law." *Jackson*, 443 U.S. at 324 n. 16. "The mere existence of sufficient evidence to convict therefore defeats a petitioner's claim." *Matthews v. Abramajtys*, 319 F.3d 780, 788-89 (6th Cir. 2003) (citation omitted).

> Michigan's first-degree home invasion statute provides:
>
> A person who breaks and enters a dwelling with intent to commit a felony, larceny, or assault in the dwelling, a person who enters a dwelling without permission with intent to commit a felony, larceny, or assault in the dwelling, or a person who breaks and enters a dwelling or enters a dwelling without permission and, at any time while he or she is entering, present in, or exiting the dwelling, commits a felony, larceny, or assault is guilty of home invasion in the first degree if at any time while the person is entering, present in, or exiting the dwelling either of the following circumstances exists:
>
>   (a) The person is armed with a dangerous weapon.
>   (b) Another person is lawfully present in the dwelling.

Mich. Comp. L. § 750.110a(2); *see also People v. Sands*, 261 Mich. App. 158, 162, 680 N.W.2d 500 (2004).

Applying the standard set forth in *Jackson*, the Michigan Court of Appeals concluded that the prosecution presented sufficient evidence to support Petitioner's first-degree home invasion conviction. The court explained in relevant part:

> Defendant contends that the evidence does not support the trial court's finding that he entered the Roy's home with the intent to commit larceny, but, on the contrary, supports his duress defense. Defendant cites his own testimony that he screamed for help while outside the Roys' window because he was being chased. Once defendant broke the window and entered the house, he ran past the Roys and their dogs, went into a room and shut the door. Defendant testified that he had no confrontation with Larry Roy, but when Larry tried to open the door, defendant held it shut and asked him to call the police. Defendant then pushed a bookshelf against the door and searched for something he could use to defend himself if the two men chasing him arrived. After several minutes, Larry told defendant the

5

> police had arrived, so he could calm down. The police entered the room, threw defendant down, handcuffed him, and took him away. According to defendant, he told the police that he was glad they had arrived and he had asked the Roys to call for them.
>
> The Roys, on the other hand, testified that defendant broke a window and entered their home. When Teresa saw defendant, she began backing up and screaming. Defendant moved toward her with his hands outstretched looking aggressive. Larry moved Teresa out of the way, and one of their two dogs went after defendant, but caught Teresa's arm, biting it. After Larry and defendant struggled, Larry managed to get defendant into the computer room and pull the door shut. Larry testified that defendant had an aggressive look on his face when the struggle began, but once the dogs began barking, defendant saw them and looked scared. When the police arrived, they had difficulty opening the door to the computer room because there was something against it. Defendant did not tell the police that someone was chasing him. After the police left, Teresa found a bag of cocaine in the room and reported this to the police.
>
> The trial court found both that defendant entered the home with the intent to commit larceny and that he entered the home and assaulted Teresa. A simple criminal assault is either an attempt to commit a battery or an unlawful act that places another in reasonable apprehension of receiving an immediate battery. *People v. Grant*, 211 Mich App 200, 202; 535 NW2d 581 (1995). Because MCL 750.110a(2) does not limit the term "assault" to any particular type of assault, both misdemeanor and felony assaults are properly charged as crimes underlying first-degree home invasion. *Sands, supra* at 163. In this case, there was evidence that defendant either attempted to commit a battery of Teresa or moved toward her aggressively placing her in reasonable apprehension of immediate battery. Therefore, there was evidence that defendant committed an assault in the Roys' home. Thus, regardless of whether the evidence supported the trial court's finding of intent to commit larceny, there was sufficient evidence to support defendant's conviction and reversal is not warranted.

*Howard*, 2006 WL 3423180 at *1-2.

Having reviewed the record, this Court agrees and concludes that the state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of the law or the facts. The verdict was supported by the victims' testimony detailing Petitioner's break-in and assaultive behavior. Given such evidence, a rational trier of fact could reasonably

conclude that Petitioner committed first-degree home invasion based upon an assault theory and could reject Petitioner's duress defense. This holds true regardless of whether the prosecution established that Petitioner possessed the intent to commit a larceny.

Petitioner's insufficient evidence claim challenges the credibility and weight to be accorded the evidence presented at trial. However, it is well-settled that "a federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume – even if it does not affirmatively appear in the record – that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Jackson*, 443 U.S. at 326 (deferring to trial judge's findings in a bench trial). It is the job of the fact-finder, not a federal habeas court, to resolve credibility conflicts. *See Tucker v. Palmer*, _ F.3d _, 2008 WL 4067541, *7 (6th Cir. Sept. 4, 2008) (deferring to trial judge's credibility findings); *Martin v. Mitchell*, 280 F.3d 594, 618 (6th Cir. 2002); *Walker v. Engle*, 703 F.2d 959, 969-70 (6th Cir. 1983).

Additionally, to the extent that Petitioner challenges the state courts' construction or application of state law, he is not entitled to relief. "A claim that the state court misunderstood the substantive requirements of state law does not present a claim under § 2254. A federal court may not issue the writ on the basis of a perceived error of state law." *Sanford v. Yukins*, 288 F.3d 855, 860 (6th Cir. 2002). Given the victims' testimony, the Court finds that the state court's decision that a rational trier of fact could find the essential elements of first-degree home invasion beyond a reasonable doubt was reasonable. Habeas relief is not warranted on this claim.

    C.    <u>Sentencing Claims</u>

Petitioner also asserts that he is entitled to habeas relief because the trial court erred in

scoring Offense Variable 3 of the state sentencing guidelines. Petitioner relatedly brings a Sixth Amendment claim concerning the scoring of the offense variables and the validity of his sentence. Respondent contends that the Sixth Amendment claim is unexhausted and that both claims lack merit.

Claims which arise out of a state trial court's sentencing decision are not normally cognizable upon habeas review unless the petitioner can show that the sentence imposed exceeds the statutory limits or is wholly unauthorized by law. *See Lucey v. Lavigne*, 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001). To the extent that Petitioner challenges the scoring of his sentencing guidelines under state law, he is not entitled to relief from this Court. A claim that the state sentencing guidelines were incorrectly scored fails to state a claim upon which federal habeas relief can be granted. *See, e.g., Howard v. White*, 76 Fed. Appx. 52, 53 (6th Cir. 2003) (unpublished); *McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999).

Petitioner also cannot prevail on his claim that he is entitled to habeas relief because the trial court relied upon facts not proven to a jury beyond a reasonable doubt in imposing sentence in violation of the Sixth Amendment. In *Apprendi v. New Jersey*, 530 U.S. 466, 530 (2000), the United States Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." In *Blakely v. Washington*, 542 U.S. 296 (2004), the Supreme Court applied *Apprendi* to a state sentencing guideline scheme, under which the maximum penalty could be increased by judicial fact-finding, held that the state guideline scheme violated Sixth Amendment rights, and reiterated that any fact that increased the

maximum sentence must be admitted by the defendant or proven to a jury beyond a reasonable doubt. *See United States v. Booker*, 543 U.S. 220, 232 (2005). More recently, in *Cunningham v. California*, 549 U.S. 270, 127 S. Ct. 856 (2007), the Supreme Court reviewed California's determinate sentencing law which set forth a tripartite system in which each offense could be punished by an upper term, a middle term, or a lower term. The judge was obligated to impose the middle term unless specific judicial fact-finding supported the upper or lower term. *Cunningham*, 127 S. Ct. at 861-862. The "statutory maximum" was deemed to be the middle term, not the upper term, and the Supreme Court held that because the California system authorized the judge, not the jury, to find the facts for an upper term sentence, it violated the Sixth Amendment. *Id*. at 871. Petitioner cites *Apprendi, Blakely*, and *Cunningham* in his pleadings.

This claim lacks merit. The *Blakely* line of cases does not apply to Michigan's intermediate sentencing scheme. In Michigan, the maximum sentence is established by statute and cannot be varied by the sentencing judge – the judge's only discretion is in setting the minimum sentence. The federal courts within this circuit have examined Michigan's indeterminate sentencing scheme and have found no possible Sixth Amendment violation. *See Tironi v. Birkett*, No. 06-1557, 2007 WL 3226198 (6th Cir. Oct. 26, 2007) (unpublished); *Hill v. Sherry*, No. 07-CV-13978, 2008 WL 1902106, *3 (E.D. Mich. April 30, 2008); *Delavern v. Harry*, No. 07-CV-13293, 2007 WL 2652603, *3-4 (E.D. Mich. Sept. 7, 2007); *Connor v. Romanowski*, No. 05-74074, 2007 WL 1345066 (E.D. Mich. May 4, 2007); *McNall v. McKee*, No. 1:06-CV-760, 2006 WL 3456677, * 2 (W.D. Mich. Nov.30, 2006); *see also People v. Harper*, 479 Mich. 599, 613-14, 739 N.W.2d 523, 532-33 (2007), *cert. denied*, _ U.S. _, 128 S.

Ct. 1444 (2008); *People v. Drohan*, 475 Mich. 140, 160-62, 715 N.W.2d 778 (2006). Petitioner's sentence is within the statutory maximum. *See* Mich. Comp. L. §750.110a(2). Further, as noted by the Michigan Court of Appeals, Teresa Roy's testimony that she was bitten by one of her dogs as the dog went after Petitioner and that she required medical treatment following the incident provided sufficient support for the scoring of the disputed offense variable. *See Howard*, 2006 WL 3423180 at *2. Habeas relief is not warranted on this basis.

IV.     Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on the claims contained in his petition. The petition shall therefore be denied.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id*. at 336-37.

Having considered the matter, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right as to his claims. A certificate of

appealability is not warranted. The Court further concludes that Petitioner should not be granted leave to proceed on appeal *in forma pauperis* as any appeal would be frivolous. *See* Fed. R. App. P. 24(a). Accordingly;

**IT IS ORDERED** that the petition for writ of habeas corpus is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability and leave to proceed on appeal *in forma pauperis* are **DENIED**.

Dated: September 9, 2008

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 9, 2008, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk